IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | |
|---|---|
| STEPHEN WALKER, ) | |
| ID # 1417300, ) | |
|     Plaintiff, ) | |
| vs. ) | No. 3:14-CV-3797-K-BH |
| ) | |
| MANAGEMENT & TRAINING ) | |
| CORPORATION, et al., ) | |
|     Defendant. ) | Referred to U.S. Magistrate Judge |

**FINDINGS, CONCLUSIONS, AND RECOMMENDATION
OF THE UNITED STATES MAGISTRATE JUDGE**

Pursuant to *Special Order 3-251*, this *pro se* prisoner case has been referred for pretrial management. Before the Court is the plaintiff's *Application to Proceed In Forma Pauperis*, received October 23, 2014 (doc. 8). Based on the relevant filings and applicable law, the application should be **DENIED**, and this case should be **DISMISSED**, unless the plaintiff timely pays the requisite filing fee.

**I. BACKGROUND**

Stephen Walker (Plaintiff), a prisoner in the Texas prison system, filed this civil action against the private corporation that operates the prison where he is incarcerated, as well as two of its employees, on October 23, 2014. (Compl. at 3-4 (doc. 3).)[1] He asserts claims under 42 U.S.C. § 1983, the Americans with Disabilities Act (ADA), the Rehabilitation Act, and the Texas Human Resources Code, as well as state law claims for negligence, gross negligence, and breach of contract. (*Id.* at 1-2.) He contends that he has severe food allergies that substantially limit one or more of his life activities, and that the defendants have refused to accommodate his disability by providing him

---

[1] Citations to the record refer to the CM/ECF system page number at the top of each page rather than the page numbers at the bottom of each filing.

food that he can eat. (*Id.* at 4-5.)

## II. THREE STRIKES

As a prisoner in the Texas prison system seeking to proceed *in forma pauperis*, Plaintiff's action is subject to review under the Prison Litigation Reform Act ("PLRA"), 28 U.S.C. § 1915. One of the major changes promulgated by the PLRA is the "three-strikes" provision set forth in § 1915(g). It provides that inmates may not proceed without the prepayment of fees if they have previously brought three or more civil actions or appeals in federal court that were dismissed as frivolous, malicious, or for failure to state a claim upon which relief may be granted, unless they are in imminent danger of serious physical injury. *See Jackson v. Johnson*, 475 F.3d 261, 265 (5th Cir. 2007).

Plaintiff has incurred more than three strikes. *See Walker v. Davis*, No.2:12-CV-046-J (N.D. Tex. Aug. 22, 2012) (dismissed as frivolous); *Walker v. Davis*, No.12-11036 (5th Cir. May 28, 2013) ("The instant appeal present no legal points arguable on their merits and is dismissed as frivolous . . . [t]he district court's dismissal of Walker's complaint and our dismissal of this appeal as frivolous count as two strikes for purposes of § 1915(g)"); *Walker v. Savers, et al.,* No.2:11-CV-094-J (N.D. Tex. May 2, 2012) (granting Rule 12(b)(6) motion to dismiss for failure to state a claim upon which relief may be granted); *Walker v. Nunn, et al.*, No.2:08-CV-084-J (N.D. Tex. Feb. 28, 2009) (partial order of dismissal adopting recommendation to dismiss under authority of 28 U.S.C. §§ 1915A and 1915(e)). Plaintiff may therefore not proceed without the prepayment of fees under 28 U.S.C. § 1915(g) unless he shows that he is subject to imminent danger of serious physical injury.

## III. IMMINENT DANGER

A plaintiff barred by three strikes must show imminent danger at the time that he seeks to

2

file his suit in order to proceed without prepayment of fees. *Banos v. O'Guin*, 144 F.3d 883, 884 (5th Cir. 1998) (per curiam); *Choyce v. Dominguez*, 160 F.3d 1068, 1070 (5th Cir. 1998) (per curiam); *see also Ruston v. Continental Motel*, 2003 WL 2294680, slip op. at *2 (N.D. Tex. Feb. 28, 2003) (holding that Ruston had not shown imminent danger of serious physical injury where his allegations concerned incidents that occurred after the initial filing). In order to constitute imminent danger, "the threat or prison condition must be real and proximate and the danger of serious physical injury must exist at the time the complaint is filed." *See Rittner v. Kinder*, 290 F. App'x 796, 797–98 (6th Cir. 2008) (citing *Ciarpaglini v. Saini*, 352 F.3d 328, 330 (7th Cir. 2003) and *Abdul-Akbar v. McKelvie*, 239 F.3d 307, 313 (3d Cir. 2001)).

Here, Plaintiff does not cite to 28 U.S.C. § 1915(g) or argue that he is "under imminent danger of serious physical injury." He does move for a temporary restraining order (TRO) and preliminary injunction, however, on grounds that he has food allergies that have not been properly addressed over the course of ten months. (*See* doc. 4 at 1-2.) Plaintiff claims that he has lost weight, he frequently is required to miss a meal, and he missed "38 meals in a 28 day feeding cycle." (doc. 3. at 24; doc. 4 at 1.)

Plaintiff's challenge to the adequacy of his diet over the last ten months does not meet the legal standard for imminent danger of serious physical injury. *See Addicks v. Quarterman*, No.6:07-CV-543, 2008 WL 115011 (E.D. Tex. Jan. 9, 2008) (finding that plaintiff's "complaint about his diet over the last three years does not give rise to an inference that he was under imminent danger of serious physical injury.") Although he alleges ongoing issues with the food provided to him over the course of ten months, he does not claim that he has suffered any harm that has required medical attention. (*See* doc. 3 at 1-38; doc. 4 at 1-3.) Courts considering this issue have found that weight

3

loss, standing alone, falls short of establishing serious physical injury for purposes of the three-strikes statute. *See, e.g., Hernandez v. Ventura County*, No. CV–09–7838 GHK (jc), 2010 WL 3603491 (C.D. Cal. July 27, 2010) (claim that food practices at jail caused inmate to lose a significant amount of weight was insufficient to demonstrate "serious physical injury" under § 1915(g) where the inmate did not allege that such practices caused or threaten to cause him to go hungry, to suffer malnutrition, or to suffer any negative health consequences), *adopted* 2010 WL 3603485 (Sept. 6, 2010); *Sayre v. Waid,* No. 1:08-CV-142, 2009 WL 249982, at *3 (N.D. W.Va. Feb.2, 2009) (claim that food provided by prison caused inmate to lose 30 pounds insufficient to demonstrate "serious physical injury" under § 1915(g): "[W]eight loss, in and of itself, is not indicative of a serious physical injury [for purposes of section 1915(g) ]."). This Court agrees. Because Plaintiff fails to allege sufficient fact to show that he is in real and proximate danger of serious physical injury, he cannot successfully invoke the exception.

### III. RECOMMENDATION

Plaintiff's claims should be summarily **DISMISSED** without prejudice pursuant to 28 U.S.C. § 1915(g) unless he pays the full filing and administrative fees of $400.00[2] within the time for objecting to this recommendation, or some other deadline set by the Court.

**SIGNED this 27th day of October, 2014.**

IRMA CARRILLO RAMIREZ
UNITED STATES MAGISTRATE JUDGE

---

[2]As of May 1, 2013, a $50 administrative fee will be assessed in addition to the $350 filing fee, resulting in a total filing fee of $400 for a civil action in which the plaintiff has not sought or been granted leave to proceed *in forma pauperis*. *See* District Court Miscellaneous Fee Schedule. Where a prisoner plaintiff has been granted leave to proceed *in forma pauperis*, only the $350 filing fee will be deducted from the prisoner's account. *See id.* The $50 administrative fee will not be deducted. *Id.*

**INSTRUCTIONS FOR SERVICE AND**
**NOTICE OF RIGHT TO APPEAL/OBJECT**

      A copy of these findings, conclusions and recommendation shall be served on all parties in the manner provided by law.  Any party who objects to any part of these findings, conclusions and recommendation must file specific written objections within 14 days after being served with a copy.  *See* 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b).  In order to be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the magistrate judge's findings, conclusions and recommendation where the disputed determination is found.  An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific.  Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error.  *See Douglass v. United Servs. Automobile Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996).

                                                        IRMA CARRILLO RAMIREZ
                                                        UNITED STATES MAGISTRATE JUDGE